UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
NELSON RODRIGUEZ,

          Plaintiff,

      v.

ALAN B. SEIDLER,

          Defendant.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-4955 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Nelson Rodriguez, proceeding *pro se* and currently detained at the Buffalo Federal Detention Facility, commenced the above-captioned action on July 3, 2019 in the Western District of New York, against Defendant Alan B. Seidler pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) On August 29, 2019, the action was transferred from the Western District of New York to this Court.[1] (*See* Order dated July 11, 2019, Docket Entry No. 3.) On October 3, 2019, Plaintiff also filed a Notice of Intention to file a Claim pursuant to New York General Municipal Law § 50-e ("Notice of Claim"), together with a motion to withdraw the filing dated August 20, 2019 and to amend the action a second time.[2] (Notice of Claim, Docket Entry No. 13.) On November 1, 2019, Plaintiff filed a motion to withdraw the action and

---

    [1] Prior to the transfer to this district, Plaintiff filed a form complaint which the Court construes as an Amended Complaint, together with a declaration, both dated August 19, 2019 and filed with the Court on August 23, 2019. (Am. Compl., Docket Entry No. 6.) On August 28, 2019, Plaintiff filed what appears to be another form complaint dated August 20, 2019, which the Court construes as a Second Amended Complaint ("SAC"), together with a motion, also dated August 20, 2019, to withdraw the August 19, 2019 declaration and to amend the action. (SAC, Docket Entry No. 7.)

    [2] Because the SAC and Notice of Claim are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

requested a refund of the $350.00 filing fee. (Motion to Withdraw Case, Docket Entry No. 14.) On November 12, 2019, the Court granted Plaintiff's request to voluntarily dismiss the action and denied the request for a refund of the filing fee. (Order dated Nov. 12, 2019.) On January 10, 2020, Plaintiff filed a motion to reopen the case. (Mot. to Re-Open Case, Docket Entry No. 15.) For the purposes of this Memorandum and Order, the Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court grants Plaintiff's motion to re-open the action and, for the reasons set forth below, dismisses the action and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

## I. Background

For the purpose of this Memorandum and Order, the Court assumes the truth of the factual allegations in the SAC and also considers the information contained in the Notice of Claim.[3] The Court notes that all of Plaintiff's filings (the original Complaint, subsequent amendments, and the Notice of Claim) involve the same Defendant and the same facts. The SAC included a form complaint alleging section 1983 claims against Seidler together with a declaration alleging that Plaintiff retained Seidler as an attorney and paid him a total of $5500 to represent him in connection with his post-conviction motion and appeal before the Supreme Court of the State of New York. (SAC 2–7, 16–21.) Plaintiff contends that Seidler failed to have Plaintiff's conviction "vacated or lower[ed] down to a misdemeanor," and therefore

---

[3] In light of Plaintiff's *pro se* status, the Court will interpret the facts in all of Plaintiff's filings to raise "the strongest arguments they suggest." *Kemp v. Henry*, No. 17-CV-1020, 2017 WL 1901433, at *1 n.1 (E.D.N.Y. May 6, 2017) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006); *see also id.* (considering the facts alleged in both the original complaint and the amended complaint in light of the plaintiff's *pro se* status after noting "the amended complaint completely replaces the original complaint").

breached his contract with Plaintiff and committed malpractice. (*Id.* at 11.)  Plaintiff seeks the return of the $5500 paid to Seidler. (*Id.* at 12.)

In the Notice of Claim, Plaintiff asserts substantially identical allegations to the SAC and seeks identical relief. (*Id.* at 7–13.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

3

action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Plaintiff fails to state a section 1983 claim

Liberally construing Plaintiff's pleadings, the Court considers whether Plaintiff may seek relief against Defendant under 42 U.S.C. § 1983.[4]

Section 1983 requires a plaintiff to allege (1) that the challenged conduct was "committed by a person acting under color of state law," and that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

---

[4] To the extent Plaintiff is attempting to file a Notice of Claim, the Court lacks jurisdiction to address it. Section 50-e of the General Municipal Law provides that for a state tort action "against [a] New York municipal entit[y] or their employees acting within the scope of their employment," a notice of claim must be filed "within ninety days of the incident giving rise to the claim." *Grantley v. City of New York*, No. 12-CV-8294, 2013 WL 6139688, at *3 (S.D.N.Y. Nov. 21, 2013) (citing N.Y. Gen. Mun. Law §§ 50-e, 50-i). A notice of claim under section 50-e of the General Municipal Law, however, is not filed in federal court. *See* N.Y. Gen. Mun. Law §§ 50-e(2), (3) (discussing the required contents of the notice of claim and the procedure for serving the notice of claim upon an officer, appointee or employee of a public corporation).

The law is well established that attorneys, whether privately-retained or court-appointed, do not act under color of state law when they perform traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *D'Amato v. Rattoballi*, 83 F. App'x 359, 360 (2d Cir. 2003) ("The district court properly concluded that [the plaintiff's] section 1983 claims against [the defendant] should be dismissed on the ground that [the defendant], a privately retained attorney, was not acting under the color of state law." (citing *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))); *McCloud v. Jackson,* 4 F. App'x 7, 9–10 (2d Cir. 2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [plaintiff] of federal rights."); *Harrison v. New York*, No. 14-CV-1296, 2015 WL 1413359, at *24 (E.D.N.Y. Mar. 20, 2015) ("[I]t is well-settled that private attorneys and law firms . . . do not act under color of state law." (citing cases)); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) (holding that neither "public defenders . . . nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position").

Plaintiff alleges that he hired Seidler to represent him in state court and is dissatisfied with the representation. Because Plaintiff does not allege that Defendant acted in any capacity other than as Plaintiff's privately-retained attorney, he fails to state a claim against Defendant under section 1983.[5] 28 U.S.C. § 1915(e)(2)(B).

---

[5] Plaintiff appears to be attempting to commence a state law claim for legal malpractice against Seidler. Under New York law, in order to prevail on a claim of legal malpractice, a client must demonstrate that: (1) "the attorney was negligent," (2) "the negligence was a

5

c. **Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. If Plaintiff decides to amend his complaint, he must plead allegations that would invoke the Court's federal question or diversity jurisdiction. The amended complaint should be captioned as a "Third Amended Complaint" and bear the same docket number as this Memorandum and Order.

III. **Conclusion**

For the foregoing reasons, the Court dismisses the action pursuant to 28 U.S.C. § 1915(e)(2)(B), and in the alternative, without prejudice, for lack of subject matter jurisdiction

---

proximate cause of the injury that the client suffered," and (3) "the client suffered actual and ascertainable damages." *Gil v. Bernard & Yam, L.L.P.*, No. 17-CV-942, 2018 WL 443339, at *5 (E.D.N.Y. Jan. 16, 2018) (citing *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004)); *see also Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596 (N.Y. App. Div. 2004) ("[T]o establish the elements of proximate cause and actual damages, . . . the client must meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages.").

    Assuming Plaintiff amends the SAC to assert viable federal claims, the Court may exercise supplemental jurisdiction over Plaintiff's state law defamation claim. *See* 28 U.S.C. § 1367(a); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (noting that federal courts may exercise supplemental jurisdiction when federal claims and state claims "stem from the same 'common nucleus of operative fact.'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). Absent federal claims, Plaintiff must demonstrate that Plaintiff and Defendant are of diverse citizenship and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

over Plaintiff's Notice of Claim and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this action.

Dated: February 21, 2020
      Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge